IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JARROD ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv−531−JPG |
| | ) | |
| CRAIG MANSKEM, and | ) | |
| JAMES MOUNT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jarrod Robinson, a detainee at Chester Mental Health Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his Complaint, Plaintiff claims, among other things, that Defendant Manskem subjected him to excessive force. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## **The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations[1]: Plaintiff was assaulted by Officer Ewing on December 9 of an unspecified year. (Doc. 1, p. 2). Plaintiff's hand was sliced open to the bone. *Id.* Officer Ewing, Yandel, Haang, Zuhlke, and Hanes said it appeared to be a minor contusion and asked Plaintiff why he did it to himself. *Id.* After Ewing and other officers exited and returned, they asked Plaintiff to put his hands behind his back, even though he was severely bleeding, so that he could be taken to medical for medical attention. *Id.* Plaintiff believes the seriousness of the injury suggested that he should have been taken to the emergency room. *Id.* The Shift Commander, Hanes, was advised that all was well.[2] *Id.*

Gary Edmisson brought Plaintiff things to treat his wounds, but he continued to lose "massive amounts of blood and started to feel sick and lightheaded." (Doc. 1, pp. 3-4). Plaintiff

---

[1] Plaintiff's Complaint, at times, is not legible. It also has blocks of text written in the margins, some of which are written vertically as opposed to horizontally, or exceed the visible margins. Plaintiff has also included what appears to be an Information from the Circuit Court of the Second Judicial Circuit, Jefferson County, State of Illinois, with handwritten notes on it in the margins and throughout, without indicating why he may have done so.
[2] Plaintiff lists various names at the bottom of page 2 of the Complaint in an area separated from the main text. It is unclear what these names are associated with. The names include: Mary Jo Connoway, Jake Robinson, Lt. Edwards, Jennifer Roberts, Casey Merlott, Jesse Garcia, Shawn Hoang, and Nelson Drew.

hit his emergency button and discovered later that day that Jeffery Clark had isolated his intercom. (Doc. 1, p. 4). On December 11, 2017, Plaintiff was punched in the face by Craig Manskem on camera. *Id.* He suffered multiple "abrasions, contusions, and many other injuries." *Id.* He was choked and beaten severely by Manskem. *Id.* C/O McKinnies tased Plaintiff as Jesse Garcia attempted to place him in metal restraints. *Id.* Plaintiff claims there was no justification for his being tased or struck in the face. *Id.*

Plaintiff pressed his emergency button to notify someone that he was in need of immediate medical attention. (Doc. 1, p. 5). He lost consciousness and hit his head. *Id.* Plaintiff was put on a stretcher and into an ambulance. *Id.* Plaintiff arrived at an emergency room. *Id.* It hurt for him to breathe. *Id.* Plaintiff received a CT Scan, and he was told by a doctor that everything appeared normal but that they were still awaiting certain lab results. *Id.* It was discovered that Plaintiff's heart enzymes "were way off the chart." (Doc. 1, p. 8).

Page 9 of Plaintiff's Complaint is covered in notes of various sizes and orientations. (Doc. 1, p. 9). He lists various individuals he claims to be pursuing legal proceedings against, including Doctor Lochard, Walther Hughes, and Catherine Durbin. *Id.* A large portion of page 10 is illegible. (Doc. 1, p. 10). One legible portion notes that "Robinson" has been subjected to multiple aggravated assaults and battery and that Plaintiff has been subjected to cruel, unusual, inhumane, and unsanitary living environments. *Id.* Page 10 comes after what appears to be Plaintiff's signature page on which he wrote "End of Narrative" in very large print. *Id.* It is unclear whether Plaintiff intends for it to be included as part of the statement of claim. *Id.* Page 11 is the previously mentioned Information with handwritten notes in the margins and throughout. On page 12, Plaintiff recounts in the margins of the Information when he was hit by a car, died, and was sent back as a prophet. (Doc. 1, p. 12). Plaintiff also included his signature

and the date at the bottom of page 12. *Id.*

## Discussion

Before analyzing Plaintiff's allegations, the Court finds it appropriate to address Plaintiff's failure to include specific allegations against Defendant James Mount (Captain at Jefferson County Sheriff's Office) in the body of his Complaint, despite his having listed him among the defendants. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). And in the case of those defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).

Plaintiff has not sufficiently alleged that Mount is "personally responsible for the deprivation of a constitutional right," and a defendant cannot be liable merely because he supervised a person who caused a constitutional violation. *Id.* Accordingly, Mount will be dismissed from this action without prejudice.

Further, to the extent Plaintiff sought to bring claims against individuals or entities not included in the case caption, these individuals or entities will not be treated as defendants in this case, and any claims against them should be considered dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the

caption"). Because Manskem is the only named defendant that Plaintiff included allegations against in his statement of claim, the only claims the Court will consider herein will be the claims against him. Any claims not addressed herein should be considered dismissed without prejudice from this action.

Turning to the relevant allegations, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** Manskem subjected Plaintiff to excessive force in violation of the Eighth or Fourteenth Amendment on December 11, 2017.

As discussed in more detail below, Count 1 will be allowed to proceed past threshold.

## Count 1

The intentional use of excessive force by prison guards against a prison inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Given that Plaintiff was detained in the Jefferson County Jail during the time period relevant to the Complaint, it is possible that he was a pretrial detainee rather than a sentenced

prisoner when his claim arose, in which case the Fourteenth rather than the Eighth Amendment would apply to his claim. To prevail on a claim of excessive force, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2472-73 (2015). "[O]bjective reasonableness turns on the facts and circumstances of each particular case," including "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* at 2473 (quotation marks and citation omitted).

Plaintiff claims that Manskem punched, choked, and beat him without justification. Under either the Fourteenth or Eighth Amendment standard, Plaintiff's excessive force claim is sufficient to survive threshold review. Count 1 will therefore proceed against Manskem.

### Pending Motions

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **REFERRED** to a United States Magistrate Judge for a decision.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **MANSKEM**.

**IT IS FURTHER ORDERED** that **MOUNT** is **DISMISSED** without prejudice from this action for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **MANSKEM**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of

employment as identified by Plaintiff. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require that the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

7

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**
    **DATED: March 27, 2018**

                                                **s/J. Phil Gilbert**
                                                **U.S. District Judge**